BRUCE W. HAGLER v. STATE.

No. 26,686. December 16, 1953.

*R. E. Murphey,* Coleman, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $150.00.

Highway Patrolman Palmer testified that on the night in question an automobile passed his patrol car weaving across the center stripe and onto the shoulder of the highway; that he and his fellow officer gave chase and finally overtook the same; that he asked the appellant to get out, and as he did so appellant staggered like he was drunk, smelled strongly of whiskey, talked like he was drunk, and in the opinion of the witness was drunk. Officer Palmer testified that he found a pint bottle of whiskey one-fourth full on the driver's seat.

It was stipulated that Officer McCardell would testify substantially as had Officer Palmer.

The officers arrested appellant, took him to the county jail, and turned him over to the deputy sheriff.

Deputy Sheriff Jameson testified that he received appellant at the jail; that he appeared to be drunk, but that because of his life-long friendship with the appellant he took him home, and appellant agreed to come to the sheriff's office in the morning and make bond.

Appellant, testifying in his own behalf, stated that he left Kilgore that morning, and because he was sick with the flu he purchased a pint of whiskey and drank some of it on the way, but that he was not drunk that night when he was arrested but was ill.

Mrs. Reeves, who was at appellant's mother's home when he arrived, testified that she was a practical nurse and had had experience with people who were intoxicated and that the appellant was ill but was not intoxicated.

Appellant's mother testified that appellant was not intoxicated but that he seemed to be sick.

The jury resolved the disputed issue against the appellant, and we find the evidence sufficient to support the conviction.

There are no bills of exception in the record.

Finding no reversible error, the judgment of the trial court is affirmed.